996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Carl E. LEE, a/k/a Nookie, Appellant.
 No. 93-1330.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1993.
Filed: June 21, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Lee appeals his conviction for distributing cocaine base (crack), a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 Lee was charged with knowingly and intentionally distributing 0.521 grams of crack on March 7, 1991. Lee waived a jury trial and the district court[1] held a bench trial. Undercover officer Charles Dowd testified that Lee had sold him crack cocaine on March 7, 1991. Dowd identified Lee at trial. Dowd testified, inter alia, that he was working undercover the evening of March 7; he saw Lee in a parking lot and asked Lee if he had any crack. Dowd testified Lee told him he did not have any but knew where to get some, and he directed Dowd to meet him across the street from the university. He testified Lee drove up in his dark, older model Chevy pickup truck; he gave Lee $125, and Lee handed him a substance which he represented to be crack cocaine wrapped in aluminum foil.
 
 
 3
 The district court held the government had proved beyond a reasonable doubt that Lee was the individual who sold the controlled substance to Dowd. The court found Lee guilty and sentenced him to twenty-one months. On appeal, Lee argues the district court erred in denying his acquittal motion because the evidence was insufficient to prove his identity.
 
 
 4
 We view the evidence in the light most favorable to the verdict and accept all reasonable inferences supporting the conviction. See United States v. Searing, 984 F.2d 960 (8th Cir. 1993). We will affirm if, "on the appropriate view of the evidence, any rational trier of fact could have found guilt beyond a reasonable doubt." Id. at 963-64. Where the trial court's factual findings are based on the credibility of witnesses, even greater deference is demanded. See United States v. Funk, 985 F.2d 391, 394 (8th Cir. 1993).
 
 
 5
 "The uncorroborated testimony of a single eyewitness, if believed, may be sufficient to sustain an identification upon which a conviction depends." United States v. Sanders, 547 F.2d 1037, 1040 (8th Cir. 1976), cert. denied, 431 U.S. 956 (1977). Here, the evidence showed Dowd had previously seen Lee in the truck, and saw him several times after the drug transaction. Dowd testified the two encounters on March 7, 1991, were in well-lit areas, and each lasted thirty to sixty seconds. Dowd is a police officer trained to be observant. One of his primary purposes in purchasing drugs from Lee was identification. Although Lee makes much of the fact that Dowd was mistaken as to his height and weight, Dowd testified Lee remained in the truck during their interactions, Lee was wearing a heavy jacket, and Dowd recognized Lee from his facial features. We conclude the district court did not err in crediting Dowd's testimony over Lee's. See Funk, 985 F.2d at 394 (findings of fact based on witness credibility are "virtually unreviewable").
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas